

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5771
Re: Where a tract of land was sold
for taxes and bid in for the
State, but the Sheriff failed
to execute the deed and two years
have elapsed since the day of
sale, may the original owner now
pay the amount of taxes, interest,
penalties and costs and thus
redeem his land?

May the Tax Collector accept the
money as tendered and issue
redemption receipt?

Would the payment of the tax and
issuance of the redemption receipt
put title back into the original
owner?

We have your request for opinion, which is as
follows:

"A tract of land sold for taxes April 1, 1941,
and was bid in for the State. The sheriff for some
reason failed to execute deed at the time of sale and
no further action in the matter has been taken. Two
years have now elapsed since the day of sale. The
original owner has now tendered the amount of taxes,
interest, penalties and costs, and wishes to redeem
his land.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"May the tax collector accept the money as tendered and issue redemption receipt? Would the payment of the tax and the issuance of the redemption receipt put title back into the original owner?"

In our opinion No. O-423, written by Assistant Attorney General Glenn R. Lewis, and approved by First Assistant Attorney General W. F. Moore (afterwards Chief Justice of the Supreme Court of Texas), we held in part as follows:

"Redemption under Article 7283, Civil Statutes, may be had as a matter of right if exercised within two years after the purchaser's deed is filed for record.

"Article 7284b of the Revised Civil Statutes allows redemption as a matter of right only if exercised within two years from the date of sale.

"Article 7328, Civil Statutes, outlining the proceeding to follow in tax suits, provides that if any land so sold and purchased by the State is not redeemed within the time prescribed by law, the sheriff 'shall sell the same at public outcry to the highest bidder for cash at the principal entrance to the courthouse in the county wherein the land lies' after due notice. It is provided that the sheriff shall send the amount received from such sale to the State Treasurer after deducting the amount of the county taxes, interest and penalty of the county tax which he shall pay to the county treasurer.

"Presented differently, the question is whether the county tax collector and comptroller, prior to any sale by the sheriff, can waive the sale and accept the taxes, penalties and interest.

"In the case of League vs. State, 57 S. W. 34, Sup. Ct., affirmed 22 S. C. 475, land had been sold for taxes for 1884 and bid in by the State. Thereafter, the State brought suit against another claimant for such 1884 taxes, as well as others thereafter assessed against the land. Recovery was allowed, it being held that the State in so doing waived its rights acquired under the sale.

"In State vs. Hutley, 278 Pac. 206, the Supreme Court of New Mexico held that so long as rights of other parties did not intervene it was within the power of the county treasurer, as the agent of the State, to permit redemption, although the period allowed as a matter of right had expired.

"In Schreiber vs. Moynihan, 47 A. 851, the Supreme Court of Pennsylvania held that a purchase at a tax sale by the county was abandoned by it where the land was not thereafter charged by the commissioners with county and road taxes, as provided by its law, but was assessed as before and sold for the taxes so assessed.

"In Sigman vs. Lundy, 6 So. 245, by the Supreme Court of Mississippi, an Act of 1875 providing that the State would abandon all claims under its pre-existing tax titles if the owners would pay the taxes for 1874; and in default of payment provision being made for a resale of said lands, it was held that where the State had bought lands for taxes in 1867, and again bought the same land in 1875 for the 1874 taxes, it abandoned, by the act of purchase in 1875, all claim to the land under its purchase of 1867.

"In 61 C. J. 1253, it is said that redemption may be allowed, although the time has expired, on equitable grounds, as where the State, city or county consents to the redemption and accepts the money with that understanding.

"The statutes relating to the collection of delinquent taxes, foreclosure upon and sale of lands therefor are intended to obtain collection of the taxes, not for the State to obtain a profit upon resale. The law favors redemption. Black on Tax Titles (2d Ed.), par. 348."

Upon the authority of said opinion just referred to, you are advised that the tax collecting authorities may

Honorable George H. Sheppard, page 4


accept the amount of taxes, interest, penalties and costs of suit, and that upon the issuance of proper redemption receipts therefor the title will stand in the owner the same as if said suit had never been instituted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

APPROVED
OPINION COMMITTEE
BY A. W.
CHAIRMAN

GPB:AMM